UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STICHTING PENSIOENFONDS ABP, | Case No. _____ |
| Plaintiff, | Removed from: |
| v. | |
| ALLY FINANCIAL INC. f/k/a GMAC, LLC; GMAC MORTGAGE CORPORATION a/k/a GMAC MORTGAGE LLC; HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC.; RESIDENTIAL ACCREDIT LOANS, INC.; RESIDENTIAL CAPITAL LLC f/k/a RESIDENTIAL CAPITAL CORPORATION; GMAC-RFC HOLDING COMPANY, LLC d/b/a GMAC RESIDENTIAL FUNDING CORPORATION; RESIDENTIAL FUNDING COMPANY, LLC f/k/a RESIDENTIAL FUNDING CORPORATION; ALLY SECURITIES, LLC d/b/a GMAC RFC SECURITIES and f/k/a RESIDENTIAL FUNDING SECURITIES CORPORATION; RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC.; RESIDENTIAL ASSET SECURITIES CORPORATION; DEUTSCHE BANK SECURITIES, INC.; J.P. MORGAN SECURITIES LLC f/k/a J.P. MORGAN SECURITIES, INC; BANC OF AMERICA SECURITIES LLC; BARCLAYS CAPITAL INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; BRUCE J. PARADIS; KENNETH M. DUNCAN; DAVEE L. OLSON; RALPH T. FLEES; LISA R. LUNDSTEN; DAVID C. WALKER; JAMES G. JONES; DAVID M. BRICKER; JAMES N. YOUNG, and DIANE WOLD, | District Court for the State of Minnesota, Fourth Judicial District, County of Hennepin, File No. 27-CV-11-20426 |
| | **NOTICE OF REMOVAL** |
| Defendants. | |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1334 and 1452, Defendants Barclays Capital Inc., Banc of America Securities LLC, Deutsche Bank Securities Inc., J.P. Morgan Securities, LLC, and Merrill Lynch, Pierce, Fenner & Smith, Inc. (collectively, the "Removing Defendants") hereby remove the above-captioned action (the "Action") from the District Court for the State of Minnesota, Fourth Judicial District, County of Hennepin, to the United States District Court for the District of Minnesota, Fourth Division.  Removal is proper because the Action is related to an ongoing bankruptcy proceeding, entitled *In re Residential Capital, LLC, et al.*, No. 12-12020 (Bankr. S.D.N.Y.), which was recently commenced by several defendants to the Action.

## PROCEDURAL BACKGROUND

1. On October 11, 2011, Stichting Pensioenfonds ABP ("Plaintiff") filed a Summons and Complaint (the "Complaint") in the Action.  Plaintiff's allegations arise out of its alleged purchase of residential mortgage backed securities ("RMBS") between 2005 and 2007 that were sponsored and issued by various subsidiaries of Ally Financial Inc. ("Ally").  Specifically, Plaintiff alleges that the offering materials for the RAAC 2005-SP2, RASC 2006-EMX9, RASC 2006-KS9, RASC 2007-KS2, RASC 2007-KS3, and RALI 2007-QS7 securitizations (the "Securitizations") reflected material misrepresentations regarding, among other things, the credit quality of the mortgage loans underlying the securities and the characteristics of these loans.

2

2. The Complaint asserts statutory and common law claims against Ally and a variety of its subsidiaries that were involved in the origination, servicing or securitization of the loans underlying the Securitizations. In addition to naming as defendants individuals who signed the registration statements related to the Securitizations, the Complaint also alleges claims against the Removing Defendants arising out of their underwriting of certain Securitizations.[1]

3. On December 7, 2011, Ally filed a motion to dismiss the Complaint, which Plaintiff opposed on February 20, 2012. The motion was fully briefed on March 14, 2012 and a hearing held on March 19, 2012. The motion remains pending.

4. The other defendants, including the Removing Defendants, filed a motion to strike and to dismiss the Complaint on January 20, 2012, which Plaintiff opposed on March 9, 2012. On April 9, 2012, the defendants filed their reply in support of their motion, and the court subsequently scheduled a hearing on the motion for May 9, 2012. This hearing was subsequently adjourned.

5. On May 14, 2012, Defendants Residential Capital LLC, GMAC Mortgage, LLC, GMAC Residential Funding Corporation, Homecomings Financial, LLC, Residential Accredit Loans, Inc. ("RALI"), Residential Asset Securities Corporation ("RASC"), Residential Asset Mortgage Products, Inc. ("RAMP"), Residential Funding Company, LLC ("Residential Funding") (collectively, the "Debtor-Defendants") filed a notice (the "Bankruptcy Notice") in the Action that they had commenced cases under

---

[1] The Removing Defendants are unaffiliated with Ally and deny that they have any liability whatsoever to Plaintiff.

Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.*, in the United States Bankruptcy Court for the Southern District of New York.  These cases and those of certain affiliates of Debtor-Defendants are being jointly administered under the caption *In re Residential Capital, LLC, et al.*, No. 12-12020 (the "ResCap Bankruptcy").

6. On May 25, 2012, the Debtor-Defendants and its affiliates commenced an adversary proceeding that seeks to extend the Bankruptcy Code's automatic stay to all RMBS-related lawsuits against their employees and non-debtor affiliates—including the Action.  (*See* Exhibit B (Complaint, *Residential Capital, LLC, et al. v. Allstate Ins. Co., et al.*, Adv. Pro. No. 12-01671 (Bankr. S.D.N.Y.)).)  This adversary proceeding does not seek to stay the Action as to the Removing Defendants.

## THE PROCEDURAL GROUNDS FOR REMOVAL ARE SATISFIED

7. Because the Removing Defendants filed this Notice of Removal within 30 days of service of the Bankruptcy Notice, removal is timely under 28 U.S.C. § 1446(b)(3).

8. Venue is proper because the District Court for the State of Minnesota, Fourth Judicial District, County of Hennepin, is located within the geographical boundaries of the Fourth Division of the District of Minnesota.  *See* 28 U.S.C. § 103(4).

9. In accordance with 28 U.S.C. § 1446(d), the Removing Defendants will promptly file a copy of this Notice of Removal with the clerk of the District Court for the State of Minnesota, Fourth Judicial District, County of Hennepin and will serve all parties with a copy of this Notice of Removal.

10. In accordance with 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served upon the Removing Defendants are attached hereto as Exhibit A.

11. As required by Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, the Removing Defendants state that the claims asserted against them are currently non-core claims, within the meaning of 28 U.S.C. § 157(b), and that they do not consent to entry of final orders or judgments by the bankruptcy court judge.

12. All Defendants who have been duly served consent to this Notice of Removal.

## "RELATED TO" BANKRUPTCY JURISDICTION EXISTS OVER THE ACTION

13. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b), which provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under [the Bankruptcy Code]." Because the Action is clearly "related to" the ResCap Bankruptcy, the Removing Defendants are entitled to remove the Action to this Court under 28 U.S.C. § 1452(a).

14. An action is "related to" a bankruptcy proceeding if "'it could conceivably have any effect on the bankruptcy estate.'" *Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953, 958 (8th Cir. 2005) (citing *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1230–31 (8th Cir. 1997)). Because the scope of "related to" jurisdiction is broad, an action is "related to" a bankruptcy "'if the outcome could alter the debtor's rights, liabilities, options or freedom of action . . . [or] . . . in any way impacts upon . . . handling and administration of the bankrupt estate.'" *Buffets, Inc. v. LGI Energy*

5

*Solutions, Inc.*, No. 09-548, 2009 WL 2929436, at *2 (D. Minn. 2009) (citing *Dogpatch Props., Inc. v. Dogpatch U.S.A., Inc. ( In re Dogpatch U.S.A.)*, 810 F.2d 782, 786 (8th Cir. 1987)).

15. Because the Debtor-Defendants are parties to this Action, this litigation clearly affects their bankruptcy cases. *See C&B, L.L.C. v. Grubbs Emer. Servs., Inc. (In re Grubbs Constr. Co.)*, 305 B.R. 476, 480 (Bankr. W.D. Ark. 2003) (finding related to bankruptcy jurisdiction because "the outcome of the state court action could result in liability for all of the defendants, and, thus, could conceivably effect [sic] the bankruptcy estate of defendant"); *see also Parkhouse v. Johnson (In re Johnson)*, No. 11-06020-CAG, 2012 WL 1110342, at *6 (Bankr. W.D. Tex. Apr. 2, 2012) (same). In fact, "'[Section 1334's] reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and *against the debtor*.'" *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995) (citing *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 161–62 (7th Cir. 1994)) (emphasis added).

16. In addition, this Action is related to the ResCap Bankruptcy because certain underwriting agreements between Residential Funding, RALI, RASC and/or RAMP and the Removing Defendants may require the Debtor-Defendants to indemnify the Removing Defendants for certain expenses or losses related to the Action. Those indemnity obligations clearly could affect the estates being administered in the ResCap Bankruptcy. *See*, *e.g.*, *Buffets*, 2009 WL 2929436, at *3; *see also City of Ann Arbor Emps' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*, 572 F. Supp. 2d 314, 317 (E.D.N.Y. 2008) (finding claims related to bankruptcy of issuer of RMBS Certificates based on

indemnification obligations); *Dow Chem. Co.*, 132 F.3d at 1230–31; *IIG Capital LLC v. Wollmuth Maher & Deutsch, LLP (In re Amanat)*, 338 B.R. 574, 579–81 (Bankr. S.D.N.Y. 2005). Because an indemnity obligation that affects the bankruptcy estate gives rise to "related to" jurisdiction under section 1334(b), the Removing Defendants may remove this Action under section 1452(a). *See*, *e.g.*, *Buffets*, 2009 WL 2929436, at *3; *Allstate Ins. Co. v. Ace Secs. Corp.*, No. 11 Civ. 1914 (LBS), 2011 WL 3628852, at *14-15 (S.D.N.Y. Aug. 17, 2011) (claims for indemnification and contribution against non-party debtor created "related to" bankruptcy jurisdiction); *Cal. Pub. Emps' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 105–08 (2d Cir. 2004) (affirming district court's decision to assert jurisdiction over securities claims).

WHEREFORE, the Removing Defendants hereby remove this Action to this Court from the District Court for the State of Minnesota, Fourth Judicial District, County of Hennepin.

Dated:  June 8, 2012            OPPENHEIMER WOLFF & DONNELLY LLP


By:    s/ Meghan M. Anzelc
       Michael J. Bleck  (No. 8862)
       Bret A. Puls  (No. 305157)
       Meghan M. Anzelc  (No. 386534)
222 South Ninth Street, Suite 2000
Minneapolis, Minnesota  55402-3338

Telephone:  (612) 607-7000
Facsimile:  (612) 607-7100
Email:      MBleck@Oppenheimer.com
            BPuls@Oppenheimer.com
            MAnzelc@Oppenheimer.com

ATTORNEYS FOR DEFENDANTS J.P. MORGAN SECURITIES LLC, BANC OF AMERICA SECURITIES LLC, AND MERRILL LYNCH, PIERCE, FENNER & SMITH INC.

Dated:  June 8, 2012            FREDRIKSON & BYRON, P.A.


By:    s/ David R. Marshall
       David R. Marshall  (#184457)
       Leah Janus  (#337365)
       Joseph J. Cassioppi  (#388238)
200 South Sixth Street
Suite 4000
Minneapolis, Minnesota   55402

Tel.:       (612) 492-7000
Facsimile:  (612) 492-7077
Email:      dmarshall@fredlaw.com
            ljanus@fredlaw.com
            jcassioppi@fredlaw.com

ATTORNEYS FOR DEFENDANT BARCLAYS CAPITAL INC.

Dated: June 8, 2012     DORSEY & WHITNEY LLP

By: s/ Andrew Brantingham
    James K. Langdon (#171931)
    Andrew Brantingham (#389952)
Suite 1500 50 South Sixth Street
Minneapolis, MN 55402-1498
Tel:     (612) 340-2600
Fax:    (612) 340-2868
Email:  langdon.james@dorsey.com
        brantingham.andrew@dorsey.com


ATTORNEYS FOR DEFENDANT DEUTSCHE BANK SECURITIES INC.