## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Stichting Pensioenfonds ABP,

**File No. 12-cv-1381 (ADM/TNL)**

Plaintiff,

v.

**ORDER**

Ally Financial Inc.
formerly known as GMAC, LLC,

GMAC Mortgage Corporation
also known as GMAC Mortgage LLC,

Homecomings Financial, LLC
formerly known as Homecomings
Financial Network Inc.,

Residential Accredit Loans, Inc.,

Residential Capital LLC
formerly known as Residential Capital
Corporation,

GMAC-RFC Holding Company LLC
doing business as GMAC Residential
Funding Corporation,

Residential Funding Company, LLC
formerly known as Residential Funding
Corporation,

Ally Securities, LLC
formerly known as Residential Funding
Securities, LLC
doing business as GMAC RFC Securities
formerly known as Residential Funding
Securities Corporation,

Residential Asset Mortgage Products, Inc.,

1

Residential Asset Securities Corporation,

Deutsche Bank Securities, Inc.,

J.P. Morgan Securities LLC
formerly known as J.P. Morgan Securities,
Inc.,

Banc of America Securities LLC,

Barclays Capital Inc.,

Merrill Lynch, Pierce, Fenner & Smith,
Inc.,

Bruce J. Paradis,

Kenneth M. Duncan,

Davee L. Olson,

Ralph T. Flees,

Lisa R. Lundsten,

David C. Walker,

James G. Jones,

David M. Bricker,

Diane Wold, and

James N. Young,

Defendants.

---

David M. Haendler and Geoffrey C. Jarvis, Grant & Eisenhofer PA, 123 Justison Street, Wilmington, DE 19801; Deborah A. Elman and Robert Gerson, Grant & Eisenhofer PA, 485 Lexington Avenue, 29th Floor, New York, NY 10017; and Elizabeth R. Odette, Karen Hanson Riebel, and Richard A. Lockridge, Lockridge Grindal Nauen PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401-2179 (for Plaintiff);

Jeffrey S. Powell, Kirkland & Ellis LLP, 655 Fifteenth Street NW, Washington, D.C. 20005-5793; Robert J. Kopecky and Seth A. Gastwirth, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654; and Sarah E. Bushnell and Timothy D. Kelly, Timothy D. Kelly, P.A., 80 South Eighth Street, Suite 3720, Minneapolis, MN 55402 (for Defendants Ally Financial Inc. f/k/a GMAC, LLC; and Ally Securities, LLC f/k/a Residential Funding Securities, LLC d/b/a GMAC RFC Securities f/k/a Residential Funding Securities Corporation);

GMAC Mortgage Corporation, also known as GMAC Mortgage LLC;

Homecomings Financial, LLC, formerly known as Homecomings Financial Network Inc.;

Residential Accredit Loans, Inc.,

Residential Capital LLC, formerly known as Residential Capital Corporation;

GMAC-RFC Holding Company LLC, doing business as GMAC Residential Funding Corporation;

Residential Funding Company, LLC, formerly known as Residential Funding Corporation;

Residential Asset Mortgage Products, Inc.;

Residential Asset Securities Corporation;

Bret A. Puls, Meghan M. Anzelc, and Michael J. Bleck, Oppenheimer, Wolff & Donnelly LLP, 222 South Ninth Street, Suite 2000, Minneapolis, MN 55402; and H. Christopher Boehning, Jessica C. Carey, and Moses Silverman, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY, 10019-6064 (for Defendant Deutsche Bank Securities, Inc.);

Benjamin D. Brutlag, Daniel Slifkin, Derek Musa, J. Wesley Earnhardt, and Michael A. Paskin, Cravath, Swaine & Moore, LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019-7475; and Bret A. Puls, Meghan M. Anzelc, and Michael J. Bleck, Oppenheimer, Wolff & Donnelly LLP (for Defendant J.P. Morgan Securities LLC f/k/a J.P. Morgan Securities, Inc.);

Jared Gerber, Meredith E. Kotler, and Shiwon Choe, Cleary Gottlieb Steen & Hamilton LLP, 1 Liberty Plaza, New York, NY 10006; and Bret A. Puls, Meghan M. Anzelc, and Michael J. Bleck, Oppenheimer, Wolff & Donnelly LLP (for Defendants Banc of America Securities LLC and Merrill Lynch, Pierce, Fenner & Smith Inc.);

Angelica M. Sinopole, David H. Braff, Jeffrey T. Scott, and Joshua Fritsch, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004; and David R. Marshall, Joseph J. Cassioppi, and Leah C. Janus, Fredrikson & Byron, PA, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402-1425 (for Defendant Barclays Capital Inc.); and

Andrew B. Brantingham and James K. Langdon, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498 (for Defendants Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, David C. Walker, James G. Jones, David M. Bricker, Diane Wold, and James N. Young).

---

This matter comes before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 79). A hearing was held on November 13, 2012. Geoff Jarvis appeared and argued on behalf of Plaintiff. David R. Marshall appeared on behalf of Defendant Barclays Capital Inc. and argued on behalf of Defendants collectively.

Elizabeth R. Odette also appeared on behalf of Plaintiff. Sarah E. Bushnell and Robert J. Kopecky appeared on behalf of Defendants Ally Financial Inc. f/k/a GMAC, LLC, and Ally Securities, LLC f/k/a Residential Funding Securities, LLC d/b/a GMAC RFC Securities f/k/a Residential Funding Securities Corporation. Bret A. Puls appeared on behalf of Defendants Deutsche Bank Securities, Inc. and J.P. Morgan Securities LLC f/k/a J.P. Morgan Securities, Inc. Puls and Jared M. Gerber appeared on behalf of Defendants Banc of America Securities LLC, and Merrill Lynch, Pierce, Fenner & Smith Inc. Jeffrey T. Scott appeared along with Marshall on behalf of Defendant Barclays Capital Inc. James K. Langdon appeared on behalf of Defendants Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, David C. Walker, James G. Jones, David M. Bricker, Diane Wold, and James N. Young.

## I.

This action involves the purchase of residential mortgage-backed securities ("RMBS").  (Compl. ¶ 2, Docket No. 1-1.)  Plaintiff alleges that it purchased the RMBS in reliance on false and misleading statements made by Defendants, resulting in the "purchase[] of securities that were far riskier than had been represented, and were backed by mortgage loans that were worth significantly less than had been represented and had been made to borrowers who were much less creditworthy than had been represented." (Compl. ¶ 2.)  In their initial Complaint, Plaintiffs identity six securities certificates at issue.  (Compl., ¶ 276.) Plaintiffs bring claims for fraud, aiding and abetting fraud, negligent misrepresentation, and violation of the Minnesota Securities Act.  (Compl. ¶ 1.)

### A. Procedural History

Plaintiffs initiated this action in state district court in Hennepin County, Minnesota, in 2011.  (*See* Not. of Removal, Docket No. 1; Defs.' Mem. in Opp'n at 3, Docket No. 89.)  Ally Financial Inc. filed a motion to dismiss in state court; briefing was complete and a hearing held in March 2012.  (Defs.' Mem. in Opp'n at 4.)  In January 2012, the remaining Defendants jointly moved for dismissal and briefing was complete in April.  (Defs.' Mem. in Opp'n at 4.)

Subsequently, certain of the Defendants filed bankruptcy and this action was removed to federal court pursuant to 28 U.S.C. §§ 1334 and 1452.  (*See* Not. of Removal ¶ 13.)  "[T]he parties agreed to re-brief [the] motions to dismiss," (Defs.' Mem. in Opp'n at 2), and briefing was complete as of October 12, 2012.  (Defs.' Mem. in Opp'n at 4; *see also* Docket Nos. 76, 77.)  A hearing was originally scheduled to take place on October

26, 2012, before the Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, but was subsequently taken off the Court's calendar in light of this motion to amend.

### B.  Related Matter

A similar matter is also pending in this District: *John Hancock Life Insurance Company (U.S.A.) et al. v. Ally Financial Inc. et al.*, File No. 12-cv-1841 (ADM/TNL) ("*Hancock*").  Like the instant matter, *Hancock* involves the purchase of RMBS and claims of fraud, aiding and abetting fraud, negligent misrepresentation, and violation of the Minnesota Securities Act.  (*Hancock* Am. Compl. ¶¶ 1-2, Docket No. 84.)  In *Hancock*, however, there are approximately 50 certificates at issue; three of which overlap with the instant matter.  (*See Hancock* Am. Compl. ¶ 633; Compl. ¶ 276; Defs.' Mem. in Opp'n at 16.)  The *Hancock* plaintiffs also assert federal securities violations. (*Hancock* Am. Compl. ¶ 1.)

The law firms representing the plaintiffs in these matters, both *Hancock* and the instant case, are the same.  The same 18 defendants are present in both matters, but at least two of these defendants are represented by different counsel in *Hancock*.  (*See* Defs.' Mem. in Opp'n at 15.)  There are nine additional defendants in *Hancock*.  While there is a significant amount of overlap, some of these nine *Hancock* defendants are represented by counsel not appearing in the instant matter.  Like the instant matter, *Hancock* is currently assigned to District Judge Montgomery and the undersigned Magistrate Judge.

**C. Motion for Leave to Amend**

On October 24, 2012, Plaintiff filed the present motion.   (Docket No. 79.) Plaintiff seeks leave to file an amended complaint which would include two certificates left out of the initial Complaint, three additional defendants, and additional factual allegations in order to plead its claims with greater specificity.   (*See* Pl.'s Mem. in Supp. at 1-2, 4-7, Docket No. 81.)   As explained to the Court at the hearing, Plaintiff discovered these remaining certificates on September 18, 2012, while responding to a subpoena in an entirely different matter.   (*See* Pl.'s Mem. in Supp. at 2.)   Plaintiff states that the amendments will bring this case into better alignment with *Hancock* (in which Defendants "are . . . already required to respond to the same issues," (Pl.'s Mem. in Supp. at 11)) and allow the Court to hear and adjudicate any motions to dismiss in these matters in a coordinated fashion, culminating in a single oral argument before the Court.   (*See* Pl.'s Mem. in Supp. at 3-4, 9-11.)   In addition to granting leave to amend the Complaint, Plaintiff also requests that the Court set forth a staggered briefing schedule.   (Pl.'s Mem. in Supp. at 13-14.)   Defendants oppose both the proposed amendments and consolidation of any briefing and argument.   (*See* Defs.' Mem. in Opp'n at 3, 17.)

## II.

The parties agree that Plaintiff's motion falls within the purview of Rule 15(a)(2), which permits a party to amend its pleading with leave of the Court.   Fed. R. Civ. P. 15(a)(2).   (*See* Pl.'s Mem. in Supp. at 1; Defs.' Mem. in Opp'n at 5-6.)   Such leave is to be "freely give[n] . . . when justice so requires."   *Id.*; *see also Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) ("Amendments to pleadings should be allowed with

liberality." (quotation omitted)).  "[T]here is no absolute right to amend and a finding of undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment may be grounds to deny a motion to amend."  *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) (quotation omitted); *see also Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) ("[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated.").  "The decision whether to grant leave to amend rests in the discretion of the trial court."  *Hanson v. M & I Marshall & Isley Bank*, No. 10-cv-2069 (JRT/JJK), 737 F. Supp. 2d 988, 990 (D. Minn. Sept. 15, 2010).

Defendants oppose Plaintiff's motion on grounds of undue delay, bad faith, and dilatory motive.  Defendants argue that Plaintiff's failure to review thoroughly its own files does not warrant leave to amend and, once discovered, Plaintiff did not disclose the existence of these two certificates until after the second round of briefing on the motions to dismiss was complete.  (Defs.' Mem. in Opp'n at 8, 13.)  Defendants also assert that the factual allegations Plaintiff seeks to add are based on information that was publicly available when Plaintiff filed the initial Complaint in 2011 and Plaintiff is taking advantage of two rounds of briefing to fortify the Complaint.  (Defs.' Mem. in Opp'n at 6-8.)  Lastly, Defendants point to the significant costs incurred with the second round of briefing.  (*See* Defs.' Mem. in Opp'n at 8, 13-14.)

8

Plaintiff asserts that there has been no undue delay or bad faith as the certificates were only recently discovered and, since the parties are still in the early stages of litigation, the scope of discovery will remain largely unchanged and therefore there is no prejudice to Defendants.   (*See* Pl.'s Mem. in Supp. at 2-3, 9-10.)   Plaintiff further contends that incorporating these two additional certificates into the instant matter will promote judicial economy and avoid a "third" lawsuit "based on nearly identical facts and legal theories."  (Pl.'s Mem. in Supp. at 10; *see also* Pl.'s Mem. in Supp. at 4.)

The Court begins with the delay by Plaintiff in bringing the motion to amend.  The Court recognizes it has been more than a year since this litigation began.   There is nothing in the record, however, that suggests the discovery of these two additional certificates was anything more than fortuitous.  Plaintiff "is one of the largest pension funds in the world" and has assets of "approximately €250 billion," or roughly US$330 billion. (Compl. ¶ 16.)  *See* Financial Management Service, *Treasury Reporting Rates of Exchange as of December 31, 2012*, http://www.fms.treas.gov/intn.html#rates (last visited Jan. 22, 2013).  Under these circumstances, the Court simply cannot conclude that Plaintiff failed to conduct its due diligence.

Moreover, "[d]elay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing the amendment. The burden of proof of prejudice is on the party opposing the amendment."  *Roberson*, 241 F.3d at 995; *see also Doe*, 403 F.3d at 991 (delay alone is not enough).  Defendants focus on the fact that there have been two rounds of dispositive briefing in this matter. The Court is mindful of the amount of time and expense that went into preparing and

9

briefing these motions. *See* Fed. R. Civ. P. 1 (noting the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). But, as Defendants themselves recognize, "the parties *agreed* to re-brief Defendants' motions to dismiss" following removal. (Defs.' Mem. in Opp'n at 2 (emphasis added).)

Further, the certificates were discovered after the principal and response memoranda had already been filed in federal court; Defendants had only to file their replies. While Plaintiff could have, and frankly should have, let Defendants know that it had recently become aware of two additional certificates and was looking into potential claims and damages associated with those certificates, the (1) discovery and investigation of the certificates; (2) reply briefing; and (3) preparation of the motion to amend all occurred within a relatively short window of approximately 35 days. "The function of Rule 15(a) is to enable a party to assert matters that were overlooked or unknown at the time he interposed the original complaint . . . ." *Quality Refrigerated Servs. v. City of Spencer*, 908 F. Supp. 1471, 1488 n.11 (N.D. Iowa 1995) (quotation omitted). It is difficult to say that Plaintiff did not act promptly once the issue was discovered.

In addition, despite the fact that more than a year has passed since this action was initially filed, the parties are still in the early stages of litigation. Discovery has not yet taken place and the addition of these two certificates will not significantly expand or alter the scope of discovery. Similarly, at the hearing, Plaintiff stated that it would simply file another lawsuit regarding the additional certificates and move for consolidation with the instant matter should its motion to amend be denied. Defendants do not contend that

Plaintiff's claims with respect to these certificates are time-barred, futile, or wholly unrelated to the instant matter.  Given the relative ease[1] with which these certificates can be incorporated into the instant matter at this time, any prejudice to Defendants is outweighed by prudential considerations for the time and resources of both the Court and the parties.  *See id.* at 1489 ("court must consider the prejudice to the opponent, whether additional discovery would be required, and whether the court's docket would be adversely affected" when ruling on a motion to amend).

As stated above, Plaintiff also seeks leave to add three defendants and strengthen its factual allegations.  The three proposed defendants—Ally Bank f/k/a GMAC Bank, IB Finance Holding Company, LLC, and GMAC Mortgage Group LLC—are all subsidiaries of Defendant Ally Financial Inc.  (*See* Pl.'s Mem. in Supp. at 10-11; Proposed Am. Compl. ¶¶ 3, 21-24, Docket No. 82-2.)[2]  Plaintiff alleges that Ally Financial Inc. controlled the policy of these organizations.  (Proposed Am. Compl. ¶ 21.)  At the hearing, Ally Financial Inc.'s counsel did not voice any particular objection to or resultant prejudice from the inclusion of these entities other than to question Plaintiff's timing, arguing that Plaintiff had known about these entities from the beginning.  The Court concludes that there is little prejudice to Ally Financial Inc., if any, should Plaintiff be given leave to include the subsidiaries of the parent.

---

[1] Again, the Court is not indifferent to the work expended to date.

[2] While IB Finance Holding Company, LLC is listed in the caption of the proposed amended complaint (Proposed Am. Compl. at i); the summary list of members in the "financial conglomerate" Plaintiff refers to as "Ally-GMAC" (Proposed Am. Compl. ¶ 3); and the chart outlining the Ally-GMAC corporate entities (Proposed Am. Compl. ¶ 23), it is not listed or described as a separate party within the Ally-GMAC defendants like Ally Bank f/k/a GMAC Bank and GMAC Mortgage Group LLC.  (*Compare* Proposed Am. Compl. ¶¶ 22-24 *with* ¶¶ 21-37.)

Finally, with respect to the additional factual allegations, the Court would be much less inclined to grant Plaintiff leave to amend if this were the *only* basis for Plaintiff's motion.  As Defendants point out, Rule 15 allows a party to amend its complaint as a matter of course within 21 days of service of a motion under Rule 12(b), (e), or (f), "forc[ing] the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion."  Fed. R. Civ. P. 15 2009 advisory committee's note. (*See* Defs.' Mem. in Opp'n at 7.)  Plaintiff did not attempt to amend its Complaint when this matter was initially removed and, with meaningful expense to Defendants, has now had the benefit of two rounds of briefing to address any alleged deficiencies, particularly with respect to its fraud claims.  *Cf. Floyd v. Mo. Dep't of Social Servs.*, 188 F.3d 932, 939 (8th Cir. 1999) (district court did not abuse discretion in denying leave to amend when plaintiff's motion to amend was filed seven and one-half months after defendant's motion for summary judgment).  As noted above, however, Plaintiff has articulated other bases to support its motion to amend.

In sum, while this case has proceeded through a series of stops and starts, granting Plaintiff leave to amend the Complaint will ensure that Plaintiff's claims against these Defendants will be decided on the merits in the most efficient manner possible under the circumstances.  *See id.* (amendments to complaint should be liberally permitted to ensure case is decided on merits); *see also United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009) (noting "the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits").  Based on the foregoing, Plaintiff's request for leave to amend the Complaint is hereby granted.

## III.

In the event that this Court were to grant Plaintiff's motion to amend, Defendants requested that any amendment be "conditioned on reimbursement of the attorneys' fees and costs Defendants incurred preparing memoranda that coincided with [Plaintiff's] undisclosed preparations to amend its Complaint."  (Defs.' Mem. in Opp'n at 14.) Defendants argue that such reimbursement is "particularly appropriate here in light of [Plaintiff's] decision to seek leave to amend only after Defendants have twice gone through the time and expense of preparing motions to dismiss."  (Defs.' Mem. in Opp'n at 14.)

"The Court has discretion to grant a motion for leave to amend with conditions." *Block v. Toyota Motor Corp.*, File Nos. 10-cv-2802, 10-cv-2803, 10cv-2804 (ADM/AJB), 795 F. Supp. 2d 880, 889 (D. Minn. 2011) (citing *Polycast Tech. Corp. v. Uniroyal, Inc.*, 728 F. Supp. 926, 939 (S.D. N.Y. 1989)); *see Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 455 (8th Cir. 1998) (district court has discretion "to compensate the opposing party for any losses caused by allowing the amendment"); *see also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1271 (11th Cir. 2006) ("In the exercise of sound discretion, the granting of leave to amend can be conditioned in order to avoid prejudice to the opposing party." (quotation omitted)).  First, as stated above, the parties *agreed* to the second briefing of the motions to dismiss.  Second, most of the briefing on these motions was already complete at the time the additional certificates were discovered. Third, the Court surmises that Defendants may very well have incurred expenses similar to those spent in preparation of their replies had Plaintiff not taken the time to investigate

the new certificates and simply plowed forward.  *See* Fed. R. Civ. P. R. 11(b) (attorney represents to the court that motion is not for improper purpose; claims, defenses, and legal contentions are supported by existing law; and factual contentions have evidentiary support).

Belated discovery of material information such as what occurred here has a price, but that price that would only increase—especially in cases with numerous defendants— if a party had hastily moved forward without inquiring into the legal and factual bases of any claims premised on the new information.  Defendants' request for fees and costs is denied.

## IV.

Similar to Defendants, Plaintiff has also made a request in the event that this Court grants the motion to amend.  Plaintiff requests that the Court establish a coordinated briefing schedule with respect to the motions to dismiss filed in this case and *Hancock*. Plaintiff asserts that this approach "will prevent both (1) the parties having to argue, and (2) this Court from having to issue rulings, based on two different sets of pleadings derived from nearly identical factual and legal issues."  (Pl.'s Mem. in Supp. at 14.) Defendants oppose coordinated briefing.  Defendants assert that, while the plaintiffs in both matters purchased three of the same RMBS and share the same counsel, this is where the similarities end.  Defendants argue that "holding a consolidated hearing on the numerous issues addressed by each of the multiple motions to dismiss filed in these separate actions would be unmanageable, would cause confusion as to the separate factual and legal issues in each case, and could prejudice . . . Defendants by subsuming

14

them into the much larger and more complex [*Hancock*] action." (Defs.' Mem. in Opp'n at 16.)

Given the number of additional transactions and defendants in *Hancock* as well as the federal securities claims brought therein, Plaintiff's request for coordinated briefing is denied.

## V.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 79) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. Defendants request for attorneys' fees and costs is **DENIED**.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: January___23___, 2013

_____*s/ Tony N. Leung*_____
Tony N. Leung
United States Magistrate Judge
for the District of Minnesota

*Stichting Pensioenfonds ABP v. Ally*
*Financial Inc. et al.*
File No. 12-cv-1381 (ADM/TNL)